IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN LEE WOOD,<br><br>     Plaintiff,<br><br>v.<br><br>DOUG COOK et al.,<br><br>     Defendants. | **MEMORANDUM DECISION & ORDER GRANTING SUMMARY-JUDGMENT MOTION**<br><br>Case No. 2:15-cv-71-RJS<br><br>District Judge Robert J. Shelby |

  Plaintiff, inmate Brian Wood, asserts that remaining defendant Cook violated his federal Eighth Amendment right against excessive fines. Defendant successfully moves for summary judgment on grounds of qualified immunity.

## UNDISPUTED MATERIAL FACTS

• At relevant times, Plaintiff was incarcerated at Utah State Prison (USP).

• Defendant was a USP hearing officer who imposed fines based on inmate disciplinary hearings.

• Defendant had two hearings at which he determined that Plaintiff had violated USP policy by possessing contraband. Defendant assessed two $300 fines.

• The fines were upheld on administrative appeal.

## STANDARD OF REVIEW

  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). When, as here, a plaintiff sues a state official under 42 U.S.C.S. § 1983 (2019), the official

may raise the affirmative defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from § 1983 suits if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818) (1982)). Qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law.'" *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). And, it "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The party moving for summary judgment must show there is an absence of evidence supporting the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 323–24 (1986). However, as here, when a defendant moves for summary judgment based on qualified immunity, the burden shifts to the plaintiff to satisfy a "heavy two-part burden." *Medina v. Cram*, 252 F.3d 1252, 1255 (10th Cir. 2015). The Plaintiff must show "'(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the challenged conduct.'" *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (citation omitted).

## ANALYSIS

The Court jumps to the qualified-immunity analysis's second prong: whether the right to be free of excessive fines was clearly established at the time of the alleged violation. To show that a right is clearly established, a plaintiff must cite to "legal authority which makes it apparent that in the light of pre-existing law a reasonable official," in the defendant's position, would have

known that she was violating the plaintiff's constitutional rights. *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir.2006) (internal quotation marks omitted).

Just last month, the United States Supreme Court held that the Excessive Fines Clause is incorporated by the Due Process Clause of the Fourteenth Amendment. *Timbs v. Indiana*, 203 L.Ed. 2d 11 (2019). Thus, Defendant would not have known back in 2014 that this right applied in the circumstance here.

Plaintiff has not rebutted the presumption that qualified immunity applies; Plaintiff's excessive-fines claim is therefore dismissed.

## CONCLUSION

IT IS ORDERED that Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. No. 78.) This action is **CLOSED**.

**DATED** this 18th day of March, 2019.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court